**788** BALDWIN vs. TALBOT, 46 M., 19.

Delay in giving notice of execution sale is prejudicial to the debtor, if any one, and may be such as to entitle him to apply for a mandamus to compel the officers to proceed.

**789** STINTON vs. CIRCUIT JUDGE (Kent), 37 M., 286.

To vacate an order setting aside an execution sale on motion after the period of redemption had expired, and a sheriff's deed had been delivered to relator, in a case where the execution was upon a judgment for costs against plaintiff in ejectment, who had submitted to a non-suit.

Denied October 9, 1877, as a matter of discretion and without costs.

**790** McCARTHY ET AL. vs. CIRCUIT JUDGE (Monroe), 36 M., 274.

To vacate an order denying a motion for a re-sale of certain real estate, which had been sold under a levy, but the sale of which had been set aside.

Denied April 17, 1877.

An application for mandamus to vacate an order made must be heard on the facts disclosed at the hearing in the circuit, and not upon new facts brought into the case upon the application here; and where the record does not disclose what the showing was at the hearing in the circuit, the court cannot say that relators were entitled to any different order than that which was made, and will not grant mandamus to compel the circuit judge to reverse his action.